IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM FREDRICK COLEMAN,** | § | |
| **#1175205**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-1404-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings and Recommendation of the United States Magistrate Judge filed September 8, 2010; and Petitioner's Motion for Evidentiary Hearing filed September 9, 2010. Petitioner did not file objections.

Petitioner has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254, which the magistrate judge found was barred because it is a successive petition for post-conviction relief. Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The magistrate judge found that Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2254 because it raises claims that were or could have been raised in his initial federal

petition and concluded that Petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes the district court to consider his petition. The court determines that the findings and conclusions of the magistrate judge are correct, and they are accepted as those of the court. This court is without jurisdiction to entertain this petition because it is successive, and, in such instances, the petition must be transferred to the appellate court for it to determine whether the district court can consider the petition.

Accordingly, the court **transfers** this action to the United States Court of Appeals for the Fifth Circuit. Petitioner's Motion for Evidentiary Hearing is **denied** as moot. The clerk of this court is directed to effect this transfer in accordance with the usual procedure.

**It is so ordered** this 30th day of September, 2010.

Sam A. Lindsay
United States District Judge